UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-20642-GAYLES/OTAZO-REYES

STANLEY AUGUSMAR,

    Plaintiff,

vs.

JAMES RIVER INSURANCE COMPANY,

    Defendant.

_____/

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF INSURANCE POLICY LIMIT, PURPORTED TENDER, OR ANY OTHER INSURANCE RELATED MATTERS NOT RELEVANT TO ASSESSMENT OF DAMAGES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff files this **Motion in Limine to Preclude Evidence of Insurance Policy Limit, Purported Tender, or Any Other Insurance Related Matters Not Relevant to Assessment of Damages and Incorporated Memorandum of Law** and respectfully requests the Court enter an Order holding the following matters shall not be admissible or otherwise usable for any purpose at the trial in this cause:

1.    This is an action where the 34-year-old Plaintiff was a paying *passenger* in an UBER vehicle whereupon a crash caused by the negligence of an uninsured driver immediately rendered him a quadriplegic. The defendant is the Uninsured Motorist insurance carrier. The Defendant has admitted in Responses to Requests for Admission dated September 18, 2018 that: 1) The crash occurred solely due to the

negligence of the uninsured driver, with no negligence attributable to the passenger Plaintiff or anyone other than the negligent uninsured driver; and, 2) That Plaintiff is entitled to receive uninsured motorist benefits under the terms and conditions of the policy.

The only issue for trial in this diversity action is an assessment by a jury of the amount of economic and non-economic damages suffered by Plaintiff, in accordance with the substantive law of Florida governing suits against UM insurance carriers. *See,* incorporated Memorandum of Law, below.

2. Issues of Bad Faith are NOT at issue at this time. That is perhaps for a future trial. It is well settled that the parties may not introduce elements of a bad faith action into the assessment of damages trial that is a condition precedent for Plaintiff to maintain the stayed Bad Faith action. See, incorporated memorandum of law.

3. The concern is that Defendant will try to poison the jury with irrelevant matters to this trial, such as the AMOUNT of the insurance policy, namely one million dollars, or that (falsely) Defendant has timely and properly tendered that policy to Plaintiff. Such matters are completely irrelevant to the issue of the amount of damages incurred, and introduction of same would serve to poison the jury – and confuse them – as to the amounts they should assess and the need for a trial.

4. The only issue of the jury is the amount of economic and non-economic damages suffered by Plaintiff as a result of the crash. As there is no – zero –

relevance of the amount of the policy or whether Defendant ever appropriately tendered. Any introduction of same is not only impermissible but would raise significant Rule 403 implications on completely collateral and confusing issues, designed to poison the jury against Plaintiff (with false and irrelevant information). Just as a Plaintiff may not at this stage argue to the jury that premiums were paid, or that the Defendant should have lived up to its contractual responsibility and timely paid by at least the time that the Civil Remedy Notice expired, Defendant may not argue its defenses to a potential subsequent trial on the stayed Bad Faith claim. Per the substantive law of the State of Florida as set forth by the Florida Supreme Court governing this insurance contract, the only issue at this stage for a jury to determine is the total and full amount of damages caused by the negligent uninsured driver.

5. As such it is respectfully requested that an Order be entered precluding any evidence of the amount of the policy, any purported tender or settlement offer or settlement demand, any reason or argument or implied blame as to why the matter has not resolved, or any other matter not relevant to the simple issue of determining the amount of damages suffered by Plaintiff as a result of the negligence of the uninsured at fault driver.

## Incorporated Memorandum of Law

6. Federal Rule of Civil Procedure 401 provides the test for relevant evidence, to wit, "any tendency to make a fact more or less probable than it would be

without the evidence, and the fact is of consequence in determining the action." The only issue in this case is the full amount of damages caused to plaintiff by the negligent uninsured driver.

7.     More particularly, in this diversity action, the substantive law of the State of Florida applies. *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1020 (11th Cir. 2014) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)). The only issue for trial in this diversity action is an assessment by a jury of the amount of economic and non-economic damages suffered by plaintiff, in accordance with the substantive law of Florida governing suits against UM insurance carriers. *Fridman v. Safeco Insurance Company of Illinois*, 185 So.3d 1214 (Fla. 2016) (an insured is entitled to a determination of liability and the full extent of his or her damages in a UM case prior to filing a statutory bad faith action, and the determination of damages obtained in a UM action becomes a binding element of damages in insured's subsequent statutory bad faith litigations against the same insurer).

8.     During such a trial for determination of the full extent of damages, a party may not argue elements of a bad faith case, as that is both unfairly prejudicial and completely irrelevant at this stage – the only issue to be determined by this jury is the full amount of damages caused to plaintiff by the negligent uninsured driver. See, e.g., *Carvajal v. Penland*, 120 So.3d 6 (Fla 2d DCA 2013); *State Farm v. Gold*, 186 So. 3d 1061 (Fla. 4th DCA 2016); and see also, generally, *GEICO v. Kisha*, 160 So. 3d

549 (Fla. 5th DCA 2015); *State Farm v. Revuelta*, 901 So. 2d 377 (Fla. 3d DCA 2005).

WHEREFORE, Plaintiff respectfully moves this Court that the relief requested, to wit, this Motion in Limine, herein be granted in all particulars, or that such other orders be entered that this Court may deem just and proper under the circumstances.

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

By  /s/ Judson Cohen
Judson L. Cohen

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that this 17th day of January, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and we also certify that the foregoing document is being served this day either via transmission of Notice of Electronic Filing generated by CD/ECF or in some other authorized manner to **Robert J. Squire, Esq., Tal Harari, Esq., RESNICK & LOUIS, P.C**., 1001 Brickell Bay Drive, Suite 2716, Miami, Florida 33131, Telephone and Fax: 305-432-9772, Primary E-Mail: rsquire@rlattorneys.com,

Primary E-Mail: tharari@rlattorneys.com, Secondary E-Mail: dcastillo@rlattorneys.com and aoliva@rlattorneys.com (**Attorneys for Defendant**) and **Stephen A. Marino, Jr., Esq., Michal Meiler, Esq., S. Alice Weeks, Esq**., **VER PLOEG & LUMPKIN, P.A**., 100 S.E. Second Street, 30th Floor, Miami, FL 33131, Phone: 305-577-3996, Fax: 305-577-3558, E-mails, smarino@vpl-law.com , smcgee@vpl-law.com , mmeiler@vpl-law.com and sweeks@vpl-law.com (**Co-counsel for Plaintiff**).

WEINSTEIN & COHEN, P.A.
Counsel for Plaintiff STANLEY AUGUSMAR
Oaks Plaza - Suite 400
14125 NW 80th Avenue
Miami Lakes, Florida 33016
Miami          (305) 374-1011
Miami Fax   (305) 373-8127
E-Service:    eservice@weinsteincohen.com

By_____/s/ Judson Cohen_____
        JUDSON L. COHEN
        Fla. Bar No.: 0948748